IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **RICHARD THEISEN, et al.** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiffs,** | |
| vs. | Case No.  2:12cv173 |
| **ASHTON FAUSETT, et al.** | **District Judge Dale A. Kimball** |
| **Defendants.** | **Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the court are Richard Theisen and Tiffany Theisen's (collectively, "Plaintiffs") (1) motions for service of process[2] and (2) motions for appointment of counsel.[3]  The court previously granted Plaintiffs' application to proceed in forma pauperis under 28 U.S.C. § 1915 ("in forma pauperis statute").[4]

First, after considering Plaintiffs' motions for service of process, the court denies them at this time.  The court first must fully screen Plaintiffs' complaint (and proposed amended complaint) under the in forma pauperis statute to determine whether "the action . . . (i) is

---

[1] *See* docket no. 6.

[2] *See* docket nos. 4 and 9.

[3] *See* docket nos. 5 and 10.

[4] *See* docket no. 2.

frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). When the court screens Plaintiffs' case in due course, it will determine whether to order service of process. *See* 28 U.S.C. § 1915(d). There is nothing Plaintiffs need do to trigger the screening process.

Second, the court addresses Plaintiffs' motions for appointment of counsel. While appointment of counsel for indigent litigants is permitted under the in forma pauperis statute, *see* 28 U.S.C. § 1915(e)(1), a plaintiff in a civil case has no statutory or constitutional right to the appointment of counsel. *See, e.g.*, *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). When deciding whether to appoint counsel, a court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996).

Considering the above factors in relation to this case, the court concludes that (1) it is not yet clear whether Plaintiffs have asserted colorable claims, (2) the issues involved in this matter are not particularly complex, and (3) Plaintiffs are able to adequately present their claims. Therefore, the court **DENIES** Plaintiffs' motions for appointment of counsel at this time. However, as the matter develops, if it appears that counsel may be necessary or of special help,

the court may choose to exercise its discretion and appoint an attorney to represent Plaintiffs pro bono.

**IT IS SO ORDERED**.

DATED this 27th day of September, 2012.

BY THE COURT**:**

Paul M. Warner
United States Magistrate Judge