IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RICHARD THEISEN and TIFFANY THEISEN,<br><br>                        Plaintiffs,<br><br>v.<br><br>ASHTON FAUSETT, MANDY PENOVICH, and SAVANAH LENARD,<br><br>                        Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:12-cv-173-DAK<br><br>District Judge Dale A. Kimball |

Before the court are Richard Theisen and Tiffany Theisen's (collectively, "Plaintiffs") two essentially identical motions for leave to amend the complaint.[1] The court previously granted Plaintiffs' application to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915 ("IFP Statute").[2] Thus, in addition to the motions for leave to amend the complaint, the court will also address the sufficiency of Plaintiffs' complaint under the authority of the IFP Statute. *See id.* § 1915(e)(2)(B)(ii).

## BACKGROUND

Plaintiffs filed their complaint pursuant to 42 U.S.C. § 1983 against the following employees of the Utah State Division of Child and Family Services ("DCFS"): Ashton Fausett ("Mr. Fausett"), Mandy Penovich ("Ms. Penovich"), and Savanah Lenard ("Ms. Lenard")

---

[1] *See* docket nos. 7 and 8.

[2] *See* docket no. 2.

(collectively, "Defendants").  In general, Plaintiffs contend that Defendants violated their constitutional rights during the removal and subsequent placement of their five children into foster care.  Plaintiffs state that they suffered "a large amount of stress" when Defendants "said [they] wouldn't get [their] kids back no matter what [they] did."[3]  Plaintiffs seek the following relief:  "theropy [sic] bills for everyone[,] . . . milestone time with [their] kids, . . . time and wages from work[,] compensation for travel time, wear and tear of [their] vehicles, and any other bills that have arise[n] from this case and these problems."[4]

Plaintiffs filled out the court's preprinted civil rights complaint alleging six causes of action against Defendants.  The first cause of action is "Leading a child."[5]  Plaintiffs allege that Ms. Lenard stated during the intake interview of "child #3," that she did not "want to lead this child [because] he'll give us good information."[6]  Plaintiffs conclude that Ms. Lenard was "[i]mplying [that] she led child #1 and child #2" during their respective intake interviews.[7]  In the second cause of action, "Children where [sic] not placed properly,"[8] Plaintiffs allege that Ms. Penovich separated the children and placed them in foster homes away from Salt Lake City where Plaintiffs reside.  The third cause of action, "Proper paperwork was not submitted to the courts properly,"[9] alleges that the juvenile court judge "never received [Plaintiffs'] service plan

---

[3] Docket no. 3 at 7.

[4] *Id.* at 8-9.

[5] *Id.* at 4.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

or any evaluations" and he "was never informed of what [Plaintiffs] had to complete."[10] In the fourth cause of action, "Children where [sic] not watched properly," Plaintiffs assert that while in foster care, one of their children was allowed to drink Listerine and that another child was allowed to leave the foster home, "break into one house[,] and then into a boat down the street."[11] Plaintiffs allege that the "caseworker was notified but nothing was done."[12] In the fifth and sixth causes of action, "Evaluations not read properly" and "Case was not handled properly,"[13] respectively, Plaintiffs allege that Mr. Fausett and Ms. Penovich misinterpreted the recommendations contained in Plaintiffs' evaluations and failed to answer Plaintiffs' questions about their case.

In the motions for leave to amend, Plaintiffs seek to add the following entities and individuals as defendants: DCFS, DCFS's Price Branch;[14] Angela Hamilton ("Ms. Hamilton"), an assistant attorney general for the State of Utah; and Judge Scott Johansen ("Judge Johansen"), a juvenile judge in Utah's Seventh District Court (collectively, "Proposed Defendants"). First, the court will address Plaintiffs' motions, and, second, the court will examine the sufficiency of the complaint as required under the IFP Statute.

## DISCUSSION

### A. Motions for Leave to Amend Complaint to Add Proposed Defendants

Plaintiffs seek to add the Proposed Defendants to the lawsuit on the grounds that they failed to follow DCFS guidelines and acted unreasonably and unfairly during the removal

---

[10] *Id.* at 7.

[11] *Id.* at 5.

[12] *Id.*

[13] *Id.*

[14] The court will use "DCFS" to mean both DCFS and DCFS's Price Branch as they are the same entity.

process.  Under rule 15(a)(2) of the Federal Rules of Civil Procedure, leave to amend a complaint shall be freely given when justice so requires.  *See* Fed. R. Civ. P. 15(a)(2).  In general, a court may refuse leave to amend only on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City & Cnty. Of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (quotations and citation omitted).  The Tenth Circuit has held that a "proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006) (quotations and citation omitted).  In determining whether Plaintiffs' proposed amended complaint would be subject to dismissal, the court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to Plaintiffs.  *See KT & G Corp. v. Att'y Gen. of Okla.*, 535 F.3d 1114, 1133-34 (10th Cir. 2008).  In addition, the "court must look for plausibility in the complaint.  Under this standard, a complaint must include enough facts to state a claim to relief that is plausible on its face." *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007) (quotations and citations omitted).

### (1)  DCFS

Plaintiffs have not set forth specific or separate allegations against DCFS.  Rather, Plaintiffs merely assert that DCFS "is responsible for [its] employees to follow all . . . guidelines and act in a reasonable man[ne]r" and to "make sure all employees are doing [their] jobs properly."[15]  In general, the Eleventh Amendment bars actions for damages against a state, as well as an arm of the state, in federal court.  *See Sturdevant v. Paulsen*, 218 F.3d 1160, 1164

---

[15] Docket no. 7 at 2.

4

(10th Cir. 2000).  It is well-settled that DCFS is an arm of the State of Utah.  Specifically, the State of Utah created DCFS as a "division[] . . . within the Department of Human Services." Utah Code Ann. § 62A-1-105(2)(b).  The Governmental Immunity Act of Utah defines the "State" to include "the [S]tate of Utah, and . . . each office, department, division, agency, authority, commission, board, institution, hospital, college, university, Children's Justice Center, or other instrumentality of the state."  *Id.* § 63G-7-102(9).  Because DCFS qualifies as an arm of the state, any lawsuit brought against DCFS is considered a suit against the State of Utah. Accordingly, the court concludes that DCFS is immune from liability pursuant to the Eleventh Amendment.

However, the Tenth Circuit has "recognized two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity.  Congress may abrogate a state's Eleventh Amendment immunity.  A state may also waive its Eleventh Amendment immunity and consent to be sued."  *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (citations omitted).  Neither exception applies in this case: (1) Congress did not abrogate the states' immunity under the Eleventh Amendment when it enacted 42 U.S.C. § 1983, *see, e.g.*, *Quern v. Jordan*, 440 U.S. 332, 345 (1979) (holding specifically that Congress did not abrogate the states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983), and (2) Utah has not waived its Eleventh Amendment immunity.  *See Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1233 (10th Cir. 1999) ("We have previously held that Utah has not waived its Eleventh Amendment immunity by statute.").  As such, DCFS has absolute immunity from suit under the Eleventh Amendment.

Furthermore, "[n]either the state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, nor a state official who acts in his or her official capacity, is a 'person' within the meaning of [§] 1983." *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995); *see also* 42 U.S.C. § 1983 (providing that it applies to "[e]very person" in violation of its provisions); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Because DCFS is an arm of the state for purposes of the Eleventh Amendment, the court also concludes that it is not a "person" under 42 U.S.C. § 1983. *See Harris*, 51 F.3d at 905-06.

For these reasons, the court concludes that permitting the addition of DCFS to the complaint is futile as it would be subject to dismissal. *See Lind*, 466 F.3d at 1199. Accordingly, Plaintiffs' motions for leave to amend to add DCFS (and the Price Branch) are DENIED.

**(2) Judge Johansen**

Plaintiffs also seek to add Judge Johansen as a defendant in this action. Plaintiffs allege that Judge Johansen "looked the other way" when DCFS allegedly submitted "false and misleading information" to the court.[16] However, permitting the addition of Judge Johansen as a defendant would likewise be futile. "Under the common law, judges are absolutely immune from suit on any claim based on the conduct of their office, including allegations that a decision is erroneous, malicious, or in excess of their judicial authority." *Christensen v. Ward*, 916 F.2d 1462, 1473 (10th Cir. 1990); s*ee also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam). This immunity allows judges the "liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (quotations and citation omitted). Judicial immunity may be circumvented only for (1) nonjudicial actions

---

[16] *Id.*

performed outside of the judge's judicial capacity and (2) judicial actions "taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12.

First, Plaintiffs have not presented any facts or assertions that Judge Johansen was not performing judicial acts. The complaint alleges actions involving DCFS's investigation into the welfare of Plaintiffs' children, the removal of Plaintiffs' children from the familial home, and the placement of the children into foster homes. Judge Johansen's role in adjudicating this type of case is an important and normal judicial function. Thus, the allegations set forth in Plaintiffs' complaint involve issues before Judge Johansen in his official judicial capacity.

Second, Plaintiffs have not alleged that Judge Johansen was acting in the absence of all jurisdiction. In Utah, juvenile courts have, inter alia, "exclusive original jurisdiction in proceedings concerning . . . a child who is an abused child, neglected child, or dependent child," as well as "the termination of the legal parent-child relationship." Utah Code Ann. § 78A-6-103(1)(c), (g). A DCFS removal case falls squarely within this category. Thus, Judge Johansen had jurisdiction to enter any judicial orders and rulings in the matter concerning Plaintiffs' children.

Based on the foregoing, this court concludes that Judge Johansen has absolute judicial immunity in this matter. Permitting the addition of Judge Johansen to the complaint is futile as he would be subject to dismissal. Accordingly, Plaintiffs' motions for leave to amend the complaint as to Judge Johansen are DENIED.

**(3) Ms. Hamilton**

Plaintiffs also seek to add Ms. Hamilton, an assistant attorney general appearing in juvenile court on behalf of DCFS, as a defendant. Plaintiffs assert that Ms. Hamilton knew that

her clients were "submitting false paperwork to the judge" and that she "did not do what was in the best interest of the children."[17] While Plaintiffs state that Ms. Hamilton is "an individual" and that she was acting "under the authority or color of state law,"[18] Plaintiffs do not make clear whether they are seeking to sue Ms. Hamilton in her official or individual capacity. To the extent Plaintiffs are attempting to assert a § 1983 claim for monetary relief against Ms. Hamilton in her official capacity, the Eleventh Amendment bars those claims. Specifically, "when a suit seeks money damages against an official of a state agency, suing that official in his or her official capacity, then the 'real party in interest' is the state, and the suit is barred by the Eleventh Amendment." *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1187 (10th Cir. 1998) (quoting *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)), *overruled on other grounds by Hill v. Kemp*, 478 F.3d 1236, 1259 (10th Cir. 2007).

To the extent that Plaintiffs are seeking to add Ms. Hamilton in her individual capacity, Plaintiffs have not set forth sufficient allegations against her to state a claim under § 1983. "State attorneys . . . who perform functions analogous to those of a prosecutor in initiating and pursuing civil and administrative enforcement proceedings are absolutely immune from suit under section 1983 concerning activities intimately associated with the judicial process." *Scott v. Hern*, 216 F.3d 897, 908 (10th Cir. 2000) (quotations and citation omitted). Actions "that are primarily investigative or administrative in nature," however, do not offer state attorneys absolute immunity unless they are "necessary so that a prosecutor may fulfill [her] function as an officer of the court." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1490 (10th Cir. 1991)

---

[17] *Id.*

[18] *Id.* at 1-2.

8

(quotations and citation omitted).  To determine whether a particular function is prosecutorial or administrative, courts "focus on a function's proximity to the judicial process, not whether it is discretionary."  *Scott*, 216 F.3d at 909 n.6.

In this case, Ms. Hamilton was performing duties intimately associated with the judicial process; as such, she is absolutely immune from liability.  In other words, even assuming the truth of Plaintiffs' allegations that Ms. Hamilton failed to stop "her clients . . . [from] submitting false paperwork to the judge,"[19] she is absolutely immune from suit for her actions and/or omissions.  *See id.* at 909.

Thus, granting Plaintiffs leave to amend the complaint to add Ms. Hamilton as a defendant would be futile because she is immune from suit.  Accordingly, Plaintiffs' motions for leave to amend the complaint as to Ms. Hamilton are DENIED.

In summary, based on the foregoing, Plaintiffs' motions for leave to amend the complaint to add the Proposed Defendants are DENIED.

### B.  Sufficiency of the Complaint

The IFP Statute requires the court to fully screen Plaintiffs' complaint to determine whether "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).  Under that standard, the court

---

[19] *Id.* at 2.

"look[s] for plausibility in th[e] complaint." *Id.* at 1218 (quotations and citations omitted) (second alteration in original).  More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.  Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

     Nevertheless, the court is mindful that Plaintiffs are proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).  At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."  *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).  Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding [her] alleged injury, and [she] must provide such facts if the court is to determine whether [she] makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted). With the foregoing in mind, the court turns to Plaintiffs' claims for relief under 42 U.S.C. § 1983.

As noted above, Plaintiffs filled out the court's preprinted civil rights complaint form alleging the following causes of action: (1) "Leading a child," (2) "Children where [sic] not placed properly," (3) "Proper paperwork was not submitted to the courts properly," (4) "Children where [sic] not watched properly," (5) "Evaluations not read properly," and (6) "Case was not handled properly."[20] While Plaintiffs indicated that Defendants were acting under color of state law, it is not clear whether Plaintiffs intended to sue them in their official or individual capacities. The court will assume that Plaintiffs are suing Defendants in their individual capacities because, as explained above, Defendants are protected from suit by Eleventh Amendment immunity if sued in their official capacities. *See, e.g.*, *ANR Pipeline Co.*, 150 F.3d at 1187.

Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quotations and citation omitted). "Government defendants sued under § 1983 in their individual capacities have qualified immunity: 'government officials are not subject to damages liability for the performance of their discretionary functions when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) (quoting *Buckley v. Fitzsimmons*, 509 U.S 259, 268 (1993)). Thus, to state a plausible claim for relief under § 1983, Plaintiffs "must demonstrate they have been deprived of a right secured by the Constitution and

---

[20] Docket no. 3 at 4-5.

the laws of the United States, and that [D]efendants deprived them of this right acting under color of law." *Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1125 (10th Cir. 2000) (quotations and citation omitted).

As previously noted, it is not the court's role to assume facts not alleged in order to construct legal theories on behalf of pro se litigants. *See Dunn*, 880 F.2d at 1197. Nevertheless, upon careful review of the complaint, it appears that Plaintiffs were attempting to assert either a procedural or substantive due process claim under the Fourteenth Amendment. To state a procedural due process claim, a plaintiff must allege: (1) that he has a constitutionally protected liberty or property interest that has been interfered with by the state; and, (2) that he was not afforded an appropriate level of process. *See Couture v. Bd. of Educ. of Albuquerque Pub. Sch.*, 535 F.3d 1243, 1256 (10th Cir. 2008). To set forth a substantive due process claim, a plaintiff must allege that the contested governmental action either "'shocks the conscience'" or infringes on a fundamental right that is "'deeply rooted in this Nation's history and tradition' and 'implicit in the concept of ordered liberty.'" *Seegmiller v. LaVerkin City*, 528 F.3d 762, 767 (10th Cir. 2008) (quoting *Chavez v. Martinez* 538 U.S. 760, 775 (2003)).

Construing the complaint broadly in a light most favorable to Plaintiffs, the court concludes that Plaintiffs have failed to state a claim upon which relief may be granted. None of the allegations set forth a recognized legal basis for relief. The claims are all conclusory in nature and do not assert specific well-pleaded factual contentions to describe the events that allegedly resulted in Plaintiffs' injuries. *See Belmon*, 935 F.2d at 1110. That said, out of an abundance of caution, the court has determined that it is appropriate to give Plaintiffs an opportunity to remedy the deficiencies in their complaint. *See Whitney v. New Mexico*, 113 F.3d

1170, 1173 (10th Cir. 1997) (holding that the dismissal of a pro se complaint is appropriate only when it is "patently obvious" that the plaintiff could not prevail on the facts set forth in the complaint and providing an opportunity to amend it would be futile).

Accordingly, Plaintiffs may file an amended complaint no later than April 29, 2013. To survive dismissal, Plaintiffs' amended complaint must comply with rule 8 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a). In particular, the amended complaint must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). "This [rule] requires enough allegations to give [D]efendants notice of the theory under which [Plaintiffs'] claim is made." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008). The Tenth Circuit has noted that "complaints in § 1983 cases against individual government actors pose a greater likelihood of failures in notice and plausibility because they typically include complex claims against multiple defendants." *Id.* Thus, in drafting their amended complaint, Plaintiffs must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *Id.* at 1250.

In addition, Plaintiffs should keep in mind that their amended complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998).

## CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

(1) Plaintiffs' motions for leave to amend the complaint to add as defendants DCFS, DCFS's Price Branch, Judge Johansen, and Ms. Hamilton[21] are DENIED; and

(2) No later than April 29, 2013, Plaintiffs may file an amended complaint against Mr. Fausett, Ms. Penovich, and Ms. Lenard in their individual capacities under 42 U.S.C. § 1983 that complies with rule 8 of the Federal Rules of Civil Procedure. Failure to timely do so will result in the court dismissing this action without further notice.

DATED this 26th day of March, 2013.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

---

[21] *See* docket no. 7 and 8.